1    EXHIBIT A – FIRST AMENDED COMPLAINT

2    Jonathan Jenkins
     87 Mosswood Dr
3    Suisun City, CA, 94585
     Telephone: (925) 260-8063
4    Email: Jzacjenk@gmail.com

5

6    JONATHAN JENKINS, IN PRO PER

7    _____

**FILED**

AUG 0 8 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

8

9              **UNITED STATES DISTRICT COURT**

10             **EASTERN DISTRICT OF CALIFORNIA**

11

12   **JONATHAN JENKINS**                    Case No.: 2:25-CV-01984-DJC-AC PS

13                    Plaintiff(s),          **COMPLAINT FOR DAMAGES OF**
                                             **VIOLATIONS OF :**
14         vs.                               **1.THE FAIR DEBT COLLECTION**
                                             **PRACTICES ACT, 15 U.S.C. §§ 1692, et seq.**
15                                           **2.THE ROSENTHAL FAIR DEBT**
     **TRUEACCORD CORP. AND DOES 1-10,**     **COLLECTION PRACTICES ACT, CAL.**
16   **INCLUSIVE,**                          **CIV. CODE §§ 1788, et seq.**
                                             **3. INVASION OF PRIVACY – INTRUSION**
17                                           **UPON SECLUSION**
                                             **4. HARASSMENT**
18                                           **5. INTENTIONAL INFLICTION OF**
                                             **EMOTIONAL DISTRESS**
19                    Defendant(s).
20

21                                           **DEMAND FOR JURY TRIAL**

22   ///
23   ///
24   ///
25   ///
26   ///
27
28

                                    - 1 -

COMPLAINT FOR DAMAGES

**INTRODUCTION**

1. This is a case about a consumer who clearly and repeatedly told a debt collector when not to contact him—yet the collector continued anyway. Plaintiff JONATHAN JENKINS ("Plaintiff") informed TRUEACCORD CORP. ("Defendant" or "TrueAccord") on multiple occasions that certain times of day were inconvenient for communications. TrueAccord acknowledged those requests but then deliberately violated them over and over, with at least 45 separate debt collection emails sent during the exact times Plaintiff identified as inappropriate. This pattern of repeated contact, occurring over a period of six whole months and after specific acknowledgment by TrueAccord's representatives, demonstrates a deliberate choice to disregard Plaintiff's rights and statutory prohibitions, rather than a mere oversight or system error. These emails triggered immediate push notifications on Plaintiff's Apple iPhone, alerting him to each communication with an audible tone and on-screen display. With Face ID on Plaintiff's iPhone, he could even see the context of these emails without ever opening the app, making them just as disruptive and intrusive as a phone call or text message.

2. This conduct not only violated the Fair Debt Collection Practices Act (FDCPA) and California's Rosenthal Fair Debt Collection Practices Act (RFDCPA), but also constituted a gross invasion of Plaintiff's privacy, emotional harassment, and intentional infliction of emotional distress. Plaintiff suffered from severe anxiety, insomnia, and an exacerbation of his pre-existing stress condition during and after this period, which also caused significant strain on his marriage and family relationships and led to a loss of enjoyment of life, including the inability to participate in physical activities such as playing sports or basketball for the past six months. As a direct result of Defendant's willful misconduct, Plaintiff has since sought and continues to receive therapy, incurring medical expenses to date and anticipating future expenses. Plaintiff continues to suffer emotional and physical

- 2 -

COMPLAINT FOR DAMAGES

distress as a result of Defendant's willful misconduct, which has also led to Plaintiff

starting to consume alcohol excessively, further impacting his well-being and family life.

3.  Plaintiff brings this action for actual damages, statutory damages, punitive damages
injunctive relief, attorney's fees, and costs against TrueAccord for their repeated and
knowing violations of federal and California consumer protection law.

## GENERAL ALLEGATIONS

4.  Plaintiff makes these allegations on information and belief, with the exception of those
allegations that pertain to the Plaintiff, or to Plaintiff's counsel (if applicable), which
Plaintiff alleges on personal knowledge.

5.  While many violations are described below with specificity, this Complaint alleges
violations of the statutes cited in their entirety.

6.  All violations by Defendant TrueAccord Corp. were knowing, willful, and intentional, and
Defendant TrueAccord Corp. did not maintain procedures reasonably adapted to avoid any
such violations.

7.  This conduct is particularly egregious given TrueAccord's very founding story: their CEO,
Ohad Samet, publicly states the company was born out of his own experience of being
"harassed with calls from collectors" for a forgotten balance, experiencing "unpleasant
conversations," a "stressful process," "too many phone calls," and a "blatant lack of
empathy." TrueAccord claims to have been founded to "reimagine the debt collection
process" with a "digital-first approach" and a goal of "changing the way collections are
handled" with "great customer service" and empathy. Defendant's actions in this case, with
its extensive documentation of 45 systemic violations, contradicts Trueaccord's stated
mission to eliminate harassment.

8.  Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all
agents, principals, managing agents, employees, officers, members, directors, heirs,

**COMPLAINT FOR DAMAGES**

successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## THE FDCPA

9. The FDCPA has a broad remedial purpose of "eliminating abusive debt collection practices." 15 U.S.C. § 1692(a). As a remedial statute, its provisions are to be construed broadly in favor of the consumer.

10. The Fair Debt Collection Practices Act (FDCPA) was enacted by Congress in 1977 as Title VIII of the Consumer Credit Protection Act. The express purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

11. The FDCPA achieves its purpose by, among other things, regulating the conduct of debt collectors and prohibiting certain unfair and deceptive practices. This includes strict prohibitions on communications that are harassing, oppressive, or abusive.

12. Specifically, the FDCPA prohibits a debt collector from communicating with a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer." 15 U.S.C. § 1692c(a)(1). This provision is intended to protect a consumer's right to peace and privacy, and once a debt collector is notified of an inconvenient time, any further contact during that period constitutes a direct violation of the statute. The FDCPA is interpreted from the perspective of the 'least sophisticated consumer,' a standard designed to protect consumers who are uninformed, naïve, or trusting. From this perspective, Plaintiff's clear and repeated instructions regarding inconvenient contact times, given in response to Defendant's generic communications and acknowledged without

- 4 -

specific account limitations, would reasonably be understood to apply to all subsequent communications from Defendant.

13. The FDCPA is a strict liability statute, meaning that a debt collector may be held liable for violations even if it did not intend to violate the Act, and even if its conduct was merely negligent. The Ninth Circuit Court of Appeals has repeatedly emphasized that strict compliance with the FDCPA is required. See, e.g., Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162, 1171 (9th Cir. 2006).

## THE RFDCPA

14. California enacted its own version of the FDCPA in 1977, the Rosenthal Fair Debt Collection Practices Act (RFDCPA), found at California Civil Code §§ 1788 et seq. The purpose of the RFDCPA is "to prohibit debt collectors from engaging in unfair or deceptive acts or practices." Cal. Civ. Code § 1788.1(b). As a remedial statute, the RFDCPA's provisions are also to be construed broadly in favor of the consumer.

15. Unlike the FDCPA, which primarily applies to third-party debt collectors, the RFDCPA generally applies not only to third-party debt collectors but also to original creditors and their agents who engage in debt collection activities within California. Cal. Civ. Code § 1788.1(b).

16. The RFDCPA incorporates and adopts many of the prohibitions found in the FDCPA, making violations of the FDCPA also violations of the RFDCPA under California Civil Code § 1788.17.

17. In addition to incorporating federal law, the RFDCPA independently prohibits certain "oppressive" or "unreasonable" debt collection behavior. For instance, it prohibits debt collectors from initiating communications with a debtor "with such frequency as to be unreasonable and to harass the debtor or his family." Cal. Civ. Code § 1788.11(e). It also

- 5 -

1  explicitly prohibits debt collectors from contacting a debtor "knowing the time is

2  inconvenient" for the debtor. Cal. Civ. Code § 1788.14(c).

3  18.  Violations of the RFDCPA open the door to additional remedies under California law,

4     including punitive damages under California Civil Code § 3294, if the conduct was carried

5     out with oppression, fraud, or malice. Here, Defendant's repeated contact during known

6     inconvenient times—even after written acknowledgment—constitutes willful disregard for

7     Plaintiff's rights and justifies an award of punitive damages.

8

9

10                    **JURISDICTION AND VENUE**

11  19. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question

12     jurisdiction) as this action arises under the FDCPA, 15 U.S.C. § 1692 et seq., and

13     supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367, following

14     removal from the Superior Court of California, County of Solano, on July 16, 2025.

15

16  20. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial

17     part of the events or omissions giving rise to the claim occurred in this district, and the

18     Plaintiff resides in Solano County, California.

19  21. This action arises directly from Defendant's unlawful debt collection practices as detailed

20     herein, which constitute violations of the aforementioned federal and California statutes

21     designed to protect consumers from abusive and unfair collection conduct.

22

23  22. Personal jurisdiction over Defendant TrueAccord Corp. is established. Defendant regularly

24     conducts business within the State of California, including attempting to collect alleged

25     debts from California residents, and specifically engaged in the unlawful debt collection

26     activities directed at Plaintiff within Solano County, California.

27

28     ///

**COMPLAINT FOR DAMAGES**

**PARTIES**

23. Plaintiff Jonathan Jenkins is a natural person residing in Solano County, California, and is a "consumer" under both 15 U.S.C. § 1692a(3) and Cal. Civ. Code § 1788.2(h).

24. Defendant TrueAccord Corp. is a debt collector doing business in the State of California. Plaintiff is informed and believes that Defendant regularly attempts to collect alleged debts from California residents and is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

25. Plaintiff is unaware of the true names of the individuals sued as DOES 1-10 and will amend this Complaint when their identities are known. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as DOES 1 through 10, inclusive, is in some manner responsible for the acts, omissions, and occurrences herein alleged. Each of the DOES was the agent, servant, employee, or alter ego of the other named Defendants and was at all times acting within the purpose and scope of said agency, service, employment, or alter ego relationship, and the consent, permission, and authorization of each of the other Defendants, and did intentionally, negligently, and unlawfully perform the acts herein alleged.

**FACTUAL ALLEGATIONS**

26. On Wednesday, July 10, 2024, at approximately 4:45 PM Pacific Time, Plaintiff received a debt collection text message from Defendant.

27. Later that same day, Wednesday, July 10, 2024, at approximately 9:56 PM Pacific Time, Plaintiff responded to Defendant's text message, explicitly stating that convenient times for contact were only on Mondays and Thursdays between 8:00 AM and 12:00 PM Pacific Time, and Saturdays between 8:00 AM and 2:00 PM Pacific Time.

- 7 -

28. On July 15, 2024, at approximately 9:07 AM Pacific Time, a representative named "Loretta" acknowledged receipt of Plaintiff's request regarding convenient contact times, stating that "Your request has been updated." Notably, this acknowledgment email, like subsequent ones, contained no specific account number, indicating TrueAccord's own system treated Plaintiff's preference as a general update.

29. Plaintiff's notifications were acknowledged in writing by Defendant on multiple occasions, including the acknowledgment by Loretta on July 15, 2024, and by Gracy on October 31, 2024. Therefore, any claim by Defendant that it was unaware of Plaintiff's contact restrictions is both factually and legally untenable.

30. Despite Plaintiff's explicit instructions and Defendant's acknowledgment, from July 15, 2024, to October 30, 2024, Defendant sent Plaintiff at least 38 debt collection emails during times that Plaintiff had explicitly stated were inconvenient for contact.

31. Prompted by the receipt of the 38th debt collection email during an inconvenient time, sent by Armita Singh from Defendant TrueAccord Corp. on October 30, 2024, at approximately 6:34 PM Pacific Time, Plaintiff again responded.

32. Later that same day, October 30, 2024, at approximately 9:38 PM Pacific Time, Plaintiff responded to Defendant's email, reiterating his request and again stating the specific convenient times for contact. This time, the convenient times were adjusted to Mondays and Thursdays between 12:00 PM and 4:00 PM Pacific Time, and Saturdays between 8:00 AM and 2:00 PM Pacific Time.

33. On October 31, 2024, at approximately 3:21 PM Pacific Time, a representative named "Gracy" from Defendant TrueAccord Corp. responded to Plaintiff's email, explicitly stating that Plaintiff's request had been updated, thereby acknowledging the updated communication preferences a second time.

**COMPLAINT FOR DAMAGES**

34. Despite receiving and acknowledging Plaintiff's updated communication preferences a second time, Defendant TrueAccord Corp. sent three (3) additional debt collection emails during those same inconvenient times on November 3, 2024, November 5, 2024, and November 7, 2024.

35. Prompted by these further violations, on November 7, 2024, Plaintiff responded for a third time to an email from Armita Singh, sent at approximately 4:32 PM Pacific Time, and reiterated that the only convenient times for him to be contacted were Mondays and Thursdays between 12:00 PM and 4:00 PM Pacific Time, and Saturdays between 8:00 AM and 2:00 PM Pacific Time.

36. Even after three explicit notifications and acknowledgments of Plaintiff's inconvenient contact times, Defendant TrueAccord Corp. continued its unlawful collection conduct.

37. In total, Defendant's sustained disregard for Plaintiff's explicit instructions resulted in at least 45 debt collection emails sent during known inconvenient times. These 45 violations occurred while Defendant was engaged in debt collection for three different creditors: 25 emails for Affirm, 16 for Klarna, and 4 for Comcast. Examples of these numerous violations include, but are not limited to, those occurring on Saturday, July 20, 2024, at 6:45 PM; Sunday, August 25, 2024, at 9:51 AM; Friday, October 4, 2024, at 6:31 PM; and Sunday, January 5, 2025, at 6:20 PM.

38. These 4 emails related to Comcast were sent to a different email address belonging to the Plaintiff than the previous 41 emails, but Plaintiff is the same individual, and Defendant TrueAccord Corp. knew, or reasonably should have known, that these times remained inconvenient for Plaintiff's contact regardless of the email address used.

39. At all times relevant, Plaintiff had push notifications enabled for his email account on his Apple iPhone. As a result, each debt collection email sent by Defendant generated an immediate audible alert and on-screen notification on Plaintiff's device. With Face ID on

- 9 -

1   Plaintiff's iPhone, he could even see the context of these emails without ever opening the

2   app, making them akin to a text message or phone call in their disruptive and intrusive

3   nature.

4   40. Plaintiff was undergoing and continues to suffer from mental disruption, anxiety, and stress

5   resulting from Defendant's misconduct. As a direct result of Defendant's conduct, Plaintiff

6   suffered severe anxiety, insomnia, and an exacerbation of his pre-existing stress condition,

7   and has since commenced and continues to receive therapy to address these harms. Plaintiff

8   continues to suffer emotional and physical distress as a result of Defendant's willful

9   misconduct, which has also led to Plaintiff starting to consume alcohol more frequently,

10  further impacting his well-being and family life.

11

12

13              **CAUSES OF ACTION CLAIMED BY PLAINTIFF**

14                          **COUNT I**

15  **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §**
16  **1692c(a)(1) - <u>COMMUNICATION AT INCONVENIENT TIME</u>**

17  41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though

18  fully stated herein.

19  42. Defendant TrueAccord Corp. violated 15 U.S.C. § 1692c(a)(1) by communicating with

20  Plaintiff at times known, or which should have been known, to be inconvenient to the

21  Plaintiff, specifically by sending at least 45 debt collection emails during hours and days

22  Plaintiff had explicitly identified as inconvenient on multiple occasions.

23  43. The FDCPA is a strict liability statute, meaning that a debt collector may be held liable for

24  violations even if it did not intend to violate the Act, and even if its conduct was merely

25  negligent. The Ninth Circuit Court of Appeals has repeatedly emphasized that strict

26  compliance with the FDCPA is required. See Clark v. Capital Credit & Collection Servs.,

27  Inc., 460 F.3d 1162, 1171 (9th Cir. 2006). Collection contacts during inconvenient times

28

- 10 -

were sufficient to support both FDCPA and emotional distress claims. See Inzerillo v. Green

Tree Servicing, LLC, 2014 WL 1347175 (N.D. Cal. Apr. 3, 2014). Plaintiff seeks actual

damages pursuant to 15 U.S.C. § 1692k(a)(1) for emotional distress and other harms. *See*

*McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939 (9th Cir. 2011)*

(upholding actual damages for emotional distress under FDCPA).

44. Defendant's conduct was willful and/or negligent, rendering Defendant TrueAccord Corp.

liable for actual damages and statutory damages in an amount to be determined by the Court

pursuant to 15 U.S.C. § 1692k.

## COUNT II

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692D - HARASSMENT OR ABUSE

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though

fully stated herein.

46. Defendant TrueAccord Corp. violated 15 U.S.C. § 1692d by engaging in conduct the natural

consequence of which is to harass, oppress, or abuse Plaintiff in connection with the

collection of an alleged debt. This conduct includes, but is not limited to, the pattern of

repeatedly sending debt collection emails during known inconvenient times, despite

Plaintiff's explicit notifications and Defendant's acknowledgments, and where each email

triggered a disruptive push notification on Plaintiff's personal device. Collection contacts

during inconvenient times are sufficient to support both FDCPA and emotional distress

claims. See Inzerillo v. Green Tree Servicing, LLC, 2014 WL 1347175 (N.D. Cal. Apr. 3,

2014).

**COMPLAINT FOR DAMAGES**

47. Defendant's conduct was willful and/or negligent, rendering Defendant TrueAccord Corp. liable for actual damages and statutory damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1692k.

## COUNT III

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692f - UNFAIR PRACTICES

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Defendant TrueAccord Corp. violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect an alleged debt from Plaintiff. This includes, but is not limited to, persistently contacting Plaintiff during inconvenient times, after clear and acknowledged instructions to cease such contact. Such collection contacts are sufficient to support FDCPA and emotional distress claims. See Inzerillo, supra.

50. Defendant's conduct was willful and/or negligent, rendering Defendant TrueAccord Corp. liable for actual damages and statutory damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1692k.

## COUNT IV

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE § 1788.17 - INCORPORATING FDCPA VIOLATIONS

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

- 12 -

52. Pursuant to California Civil Code § 1788.17, Defendant TrueAccord Corp.'s violations of the Fair Debt Collection Practices Act, as set forth in Counts I, II, and III above, constitute violations of the Rosenthal Fair Debt Collection Practices Act.

53. Defendant's conduct was willful, rendering Defendant TrueAccord Corp. liable for actual damages and punitive damages in an amount to be determined by the Court pursuant to Cal. Civ. Code § 1788.30 and § 3294. Defendant's conduct, in direct contradiction of its publicly stated founding mission to eliminate harassment and promote empathy in debt collection, demonstrates a profound level of oppression, fraud, and/or malice, justifying an award of punitive damages under California Civil Code § 3294.

## COUNT V

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE § 1788.11(e) - UNREASONABLE FREQUENCY / HARASSMENT

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. Defendant TrueAccord Corp. violated California Civil Code § 1788.11(e) by initiating communications with Plaintiff with such frequency as to be unreasonable and to harass Plaintiff, specifically through the pattern of repeatedly sending debt collection emails during known inconvenient times, despite multiple explicit requests and acknowledgments. Such collection contacts are sufficient to support emotional distress claims. See Inzerillo, supra.

56. Defendant's conduct was willful, rendering Defendant TrueAccord Corp. liable for actual damages and punitive damages in an amount to be determined by the Court pursuant to Cal. Civ. Code § 1788.30 and § 3294.

## COUNT VI

- 13 -

**COMPLAINT FOR DAMAGES**

**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE § 1788.14(c) - <u>CONTACT AT INCONVENIENT TIME</u>**

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. Defendant TrueAccord Corp. violated California Civil Code § 1788.14(c) by contacting Plaintiff knowing that the time was inconvenient for Plaintiff, specifically by sending numerous debt collection emails during hours and days Plaintiff had repeatedly and explicitly stated were inconvenient for contact. Such collection contacts are sufficient to support emotional distress claims. See Inzerillo, supra. Defendant's knowledge of Plaintiff's inconvenient contact times is further demonstrated by Defendant's multiple acknowledgments of Plaintiff's requests, including those that lacked specific account numbers, indicating a general update to Plaintiff's preferences.

59. Defendant's conduct was willful, rendering Defendant TrueAccord Corp. liable for actual damages and punitive damages in an amount to be determined by the Court pursuant to Cal. Civ. Code § 1788.30 and § 3294.

**COUNT VII**

**<u>INVASION OF PRIVACY-INTRUSION UPON SECLUSION</u>**

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. Plaintiff had a reasonable expectation of privacy and solitude, particularly during the times and days he specifically identified as inconvenient for contact.

62. Defendant TrueAccord Corp. intentionally intruded upon Plaintiff's private affairs, specifically by repeatedly sending debt collection emails during these known inconvenient times, with each email generating a disruptive push notification on Plaintiff's personal

- 14 -

**COMPLAINT FOR DAMAGES**

device, despite multiple explicit requests and acknowledgments to cease such contact. This type of debt collection conduct violating the FDCPA or RFDCPA also supports an intrusion upon seclusion claim. See Komarova v. National Credit Acceptance, Inc., 175 Cal.App. 4th 324 (2009).

63. Defendant's intrusion was highly offensive to a reasonable person.

64. As a direct and proximate result of Defendant's intrusion, Plaintiff suffered actual damages, including severe emotional distress, and seeks punitive damages.

### COUNT VIII

### COMMON LAW HARASSMENT (TORTIOUS CONDUCT)

65. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66. This count is pled in the alternative to Counts VII (Invasion of Privacy) and IX (Intentional Infliction of Emotional Distress), pursuant to FRCP 8(d)(2).

67. Defendant TrueAccord Corp. engaged in a pattern of conduct that was designed to, and did, seriously annoy, alarm, or torment Plaintiff, specifically by persistently sending debt collection emails during times known to be inconvenient, after repeated explicit requests and acknowledgments to cease. Such collection contacts are sufficient to support emotional distress claims. See Inzerillo v. Green Tree Servicing, LLC}, 2014 WL 1347175 (N.D. Cal. Apr. 3, 2014).

68. Defendant's conduct was oppressive, humiliating, and was intended to cause Plaintiff substantial emotional distress or was done with reckless disregard for causing such distress.

69. As a direct and proximate result of Defendant's harassment, Plaintiff suffered actual damages, including severe emotional distress, and seeks punitive damages.

///

COMPLAINT FOR DAMAGES

1

2

**COUNT IX**

3

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)**

4

5
70. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though

6
fully stated herein.

7
71. Defendant TrueAccord Corp.'s conduct, including the persistent and repeated sending of

8
debt collection emails during explicitly known inconvenient times, despite multiple

9
notifications and acknowledgments, and with the knowledge of Plaintiff's use of push

10
notifications, was extreme and outrageous. This conduct went beyond the bounds of what is

11
usually tolerated in a civilized community. Repeated contacts in disregard of consumer's

12
rights can support an IIED claim. See Fausto v. Credigy Services Corp., 598 F.Supp.1049

13
(N.D. Cal. 2009). Such collection contacts are sufficient to support emotional distress

14
claims. See Inzerillo, supra. Defendant's conduct, in direct contradiction of its publicly

15
stated founding mission to eliminate harassment and promote empathy in debt collection,

16
demonstrates a profound level of oppression, fraud, and/or malice, justifying an award of

17
punitive damages under California Civil Code § 3294.

18
72. Defendant intended to cause, or acted with reckless disregard of the high probability of

19
causing, severe emotional distress to Plaintiff.

20

21
73. Defendant's extreme and outrageous conduct was the direct and proximate cause of severe

22
emotional distress to Plaintiff.

23

24
74. As a direct and proximate result of Defendant's intentional infliction of emotional distress,

25
Plaintiff suffered actual damages, including severe emotional distress, and seeks punitive

26
damages.

27

28

**DAMAGES**

- 16 -

**COMPLAINT FOR DAMAGES**

75. As a direct and proximate result of Defendant's acts, Plaintiff has suffered:

    A. Mental and emotional pain

    B. Anguish

    C. Humiliation and embarrassment

    D. Physical manifestations of stress and anxiety, including but not limited to insomnia and stomach issues.

    E. Ongoing therapy and psychological harm

    F. Exacerbation of pre-existing stress condition.

    G. Significant strain on his marriage and family relationships due to increased stress and anxiety.

    H. Loss of enjoyment of life, including but not limited to, the inability to participate in physical activities such as playing sports or basketball for the past six months, due to the severe stress and anxiety caused by Defendant's conduct.

    I. Diminished ability to participate in and enjoy daily life activities, including engaging in sports and outdoor activities with his son, and being emotionally present during quality time with his children

    J. Missed opportunities to bond with his children due to emotional fatigue, irritability, and distraction caused by Respondent's continued and unlawful communications

76. All such damages have been suffered in the past, are continuing to be suffered, and will continue into the future.

///

///

- 17 -

**COMPLAINT FOR DAMAGES**

1

2

3                               **PRAYER FOR RELIEF**

4

**WHEREFORE, Plaintiff prays for judgment against Defendant as follows:**

5

6              A.  Actual damages pursuant to 15 U.S.C. § 1692k and Cal. Civ. Code § 1788.30

7              B.  Statutory damages of $1,000 under the FDCPA

8              C.  Statutory damages of $1,000 under the RFDCPA

9              D.  Punitive damages under Cal. Civ. Code § 3294

10             E.  Emotional distress damages

11             F.  Injunctive relief

12
               G.  Costs of litigation and attorney's fees
13
               H.  Such other relief as the Court deems just and proper
14

15                              **DEMAND FOR JURY TRIAL**

16

17     76. Plaintiff demands a trial by jury on all issues so triable. Pursuant to the Seventh Amendment

18     to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a

19     trial by jury.

20

21     Respectfully submitted,

22

23                                          By:  *Jonathon Jenik*

24                                          Jonathan Jenkins

25                                          Plaintiff, in pro per

26     DATED: August 8, 2025

27

28

                                        - 18 -
       **COMPLAINT FOR DAMAGES**

August 8, 2025

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Case No. 2:25-cv-01984-DJC-AC

JONATHAN JENKINS, IN PRO PER

Jonathan Jenkins

87 Mosswood Dr., Suisun City, CA 94585

Telephone: (925) 260-8063

Email: Jzacjenk@gmail.com

JONATHAN JENKINS, Plaintiff,

-vs-

TRUEACCORD CORP., and DOES 1-10, Defendants.

CERTIFICATE OF SERVICE

I, Jonathan Jenkins, certify that on August 8, 2025, I served the following documents on Defendant TrueAccord Corp.'s attorney of record, Jacob Kozaczuk, via email to Jacob.Kozaczuk@troutman.com:

1. Motion for Leave to File Amended Complaint After Deadline, with the proposed First Amended Complaint attached as Exhibit A;

2. First Amended Complaint.

/s/ Jonathan Jenkins

Jonathan Jenkins, In Pro Per

87 Mosswood Dr., Suisun City, CA 94585

Telephone: (925) 260-8063

Email: Jzacjenk@gmail.com

1